[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12531
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-04043-KOB

ORLANDO V. WILLIAMS,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee,

WARDEN OF ST. CLAIR CORRECTIONAL FACILITY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 18, 2016)

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Orlando Williams, proceeding pro se, appeals the district court's grant of summary judgment and judgment as a matter of law in favor of the defendants in his employment discrimination and retaliation suit.  In his second amended complaint, Williams named six defendants: (1) the Alabama Department of Corrections; (2) Carter Davenport, Warden of St. Clair Correctional Facility; (3) Kimberley Weary, Departmental Grievance Officer; (4) James Marsh, Correctional Sergeant; (5) Robert Simmons, Correctional Captain; and (6) William Northcutt, Correctional Lieutenant (collectively, "the Department").  Williams claimed that the Department: (i) intentionally discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; (ii) failed to reasonably accommodate his disability; and (iii) discriminated against him on the basis of his race in violation of Title VII, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1983.[1]  The district court granted the Department's cross-motion for summary judgment as to all of Williams's claims except his claim for failure to accommodate under the ADA.

---

[1] Williams's complaint also included claims for ADA retaliation, § 1983 retaliation, and § 1983 disability discrimination.  The district court granted summary judgment to the Department on those claims.  Because Williams does not raise them on appeal, he has abandoned them.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

2

On appeal, Williams first argues that the district court erred in granting the Department's motion for reconsideration, reversing the court's earlier grant of Williams's motion to compel disclosures or discovery. Second, he argues that the district court erred in concluding that the Department could not be sanctioned under Federal Rule of Civil Procedure 37 because it had not violated a court order. Third, Williams argues that the district court misapplied the summary judgment standard and did not consider evidence he presented showing he was disabled due to his Post Traumatic Stress Disorder ("PTSD") diagnosis and substantially limited in his ability to work. Fourth, he argues that the district court erred in holding that he had not established a genuine issue of material fact as to his Title VII and § 1983 race discrimination claims. Finally, Williams argues that the district court erred in granting the Department's motion for judgment as a matter of law for his failure-to-accommodate claim and in denying his motion for a new trial.[2]

I.

We review a district court's discovery decisions for an abuse of discretion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). A district court is allowed a range of choice in such matters, and we will not second-guess

---

[2] The Department argues that the district court lacked subject matter jurisdiction to adjudicate Williams's claims due to his failure to timely file suit within 90 days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission. We conclude that even if Williams missed the 90 day deadline, this failure was not jurisdictional. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982) (holding that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit). We therefore proceed to the merits of Williams's claims.

the district court's actions unless they reflect a "clear of error judgment." United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989).

The district court did not abuse its discretion in reconsidering its order to compel the Department to produce discovery.  The district court's scheduling order stated that it would automatically deny any motions related to a discovery dispute if the parties did not first attempt to resolve the dispute by communicating with each other in meaningful way.  The grant of the motion to reconsider and denial of Williams's motion to compel reflected the court's determination that Williams had not properly attempted to resolve the dispute before filing his motion.  As to Williams's argument that he had a right to respond to the Department's motion for reconsideration, the record demonstrates that Williams had in fact responded to the motion.  Nothing in the record shows clear error on the part of the district court regarding its handling of this discovery dispute.

## II.

In considering an appeal of Rule 37 sanctions, we are "limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1146–47 (11th Cir. 2006) (quotation omitted).  Under Rule 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent—or a witness . . . fails to obey an order to provide or permit discovery," the court may impose sanctions.

4

Rule 37(c)(1) further states that, "[i]f a party fails to provide information or identify a witness as required . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Id.

The district court did not abuse its discretion in denying Williams's request for Rule 37 sanctions. There was no court order regarding discovery, so Rule 37(b) sanctions do not come into play. Similarly under Rule 37(c), nothing in the record shows the Department failed to disclose or supplement its disclosures as necessary. The court did not abuse its discretion in denying sanctions.

### III.

We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the nonmoving party. Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1242–43 (11th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quotation omitted).

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge of employees,

5

employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  We analyze ADA discrimination claims under the McDonnell Douglas[3] burden-shifting framework.  See Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007).  To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that: (1) he is disabled; (2) he was a "qualified individual" at the relevant time; and (3) he was discriminated against because of his disability.  Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003) (quotation omitted).

An adverse employment action is a necessary element of a disability discrimination claim.  Doe v. Dekalb Cty. Sch. Dist., 145 F.3d 1441, 1445 (11th Cir. 1998).  "An employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment."  Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001).  The question of whether an employment action is adverse is objective: the plaintiff "must demonstrate that a reasonable person in his position would view the employment action in question as adverse."  Doe, 145 F.3d at 1448–49.

We presume that employee resignations are voluntary unless an employer forces the resignation by coercion, duress, or misrepresentation of a material fact. Hargray v. City of Hallandale, 57 F.3d 1560, 1568 (11th Cir. 1995) (per curiam).

---

[3] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).

6

In evaluating whether a resignation was forced, we consider whether: (1) the employee was given an alternative to resignation; (2) the employee understood the nature of the choice he was given; (3) the employee was given a reasonable time in which to choose; (4) the employee was permitted to select the effective date of the resignation; and (5) the employee had the advice of counsel. Id.  A resignation may be voluntary even when the only alternative is possible termination for cause. Id.

The district court did not err in granting summary judgment for the Department on Williams's ADA disability discrimination claim because there was no evidence that he suffered an adverse employment action.  He therefore failed to present a prima facie case.  First, Williams did not argue that the formal warnings or suspensions he had received were given on account of his disability.  Therefore, we understand him to be challenging his resignation.  However, his resignation was voluntary, and does not constitute an adverse employment action.

The evidence established that Williams had an option other than resignation. He was offered a pre-dismissal hearing in which he could have presented information to explain why the Department should not terminate his employment. Beyond that, he received a memorandum two months before he resigned which detailed his options, prior disciplinary history, and current charges.  The district

7

court did not err in determining that Williams failed to establish a prima facie case

of disability discrimination.

IV.

Title VII and § 1983 prohibit employers from discriminating against

employees on the basis of their race. See 42 U.S.C. §§ 1983, 2000e-2. A plaintiff

in a Title VII or § 1983[4] action may show discrimination through either direct or

circumstantial evidence. Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir.

1999). In evaluating disparate treatment claims supported by circumstantial

evidence, we use the McDonnell Douglas framework. Wilson v. B/E Aerospace,

Inc., 376 F.3d 1079, 1087 (11th Cir. 2004).

Under McDonnell Douglas, the plaintiff must establish a prima facie case of

discrimination by showing that he was: (1) a member of a protected class; (2)

qualified to do the job; (3) subjected to an adverse employment action; and (4)

treated less favorably than similarly situated individuals outside his protected class.

Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012). A plaintiff must show that

he is similarly situated "in all relevant aspects" to employees outside his protected

class. See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).

Even if a plaintiff and comparator are similar in some respects, differences in their

---

[4] Claims under § 1983 have the same elements of proof and analytical framework as claims under Title VII. See Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985).

overall record may render them not "similarly situated" for purposes of establishing a prima facie case.  See Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316–19 (11th Cir. 2003) (per curiam).

Williams has not established a prima facie case of race discrimination.  He did not identify a similarly situated employee whom the Department treated more favorably than it treated him.  In his second amended complaint, Williams stated that the Department provided an accommodation to a white co-worker.  In his deposition, Williams stated that the co-worker was a white correctional officer who was allowed to work 8-hour shifts.  However, Williams did not explain why the Department allowed the co-worker to work shortened shifts.  Neither did he present any evidence that the co-worker had a disability that was similar to Williams's.  Finally, Williams failed to establish that he and the co-worker had a similar work and disciplinary history.

The only other information Williams presented concerning the co-worker was an unmarked log-in sheet showing that, on a certain day, the co-worker worked in the lobby from 6:00 a.m. to 2:00 p.m.  This log-in sheet alone is not sufficient to establish that the Department treated a similarly situated employee more favorably than Williams.  The district court did not err in granting summary judgment on Williams's Title VII and § 1983 claims.

V.

We review a district court's grant of a motion for judgment as a matter of law de novo, "considering only the evidence that may properly be considered and the reasonable inferences drawn from it in the light most favorable to the nonmoving party." Rossbach v. City of Miami, 371 F.3d 1354, 1356 (11th Cir. 2004) (per curiam). Although we give liberal construction to the pleadings of pro se litigants, they still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

Within 14 days after filing the notice of appeal, the appellant must either "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary," or "file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Id. 10(b)(2). We will affirm the district court's finding where the appellant fails to comply with this rule because we are unable to review the alleged error. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).

10

Williams's reasonable accommodation claim proceeded to trial on May 4, 2015. The Department moved for judgment as a matter of law after Williams presented his case-in-chief and the court granted the motion. The court denied Williams's motion for a new trial.

In his notice of appeal and brief, Williams specifically designated for review the district court's final judgment granting the Department's motion for judgment as a matter of law and the court's order denying his motion for a new trial. However, Williams did not provide a transcript of the trial proceedings on which the district court relied in finding that he had not presented evidence that a reasonable accommodation existed that would have allowed him to perform the essential functions of his job. The final judgment makes clear that Williams presented a case-in-chief, but the record before us does not include the evidence relevant to the district court's finding. Thus, Williams has not complied with the requirements of Rule 10(b)(2), and we cannot review the errors he alleges.

**AFFIRMED.**